

Chris R. Schmidt
D 913.777.5644 | O 913.777.5600
chris.schmidt@eriseIP.com

May 25, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re:* ASMedia's Letter Reply in Support of Motion to Stay
*Bell Semiconductor, LLC v. ASMedia Technology, Inc.,* 1:22-cv-07307-LGS

Dear Judge Schofield,

Bell's slim hopes that the Delaware court may reverse course and decide to dismiss the declaratory judgment actions brought by the suppliers of the accused technology are no substitute for reality. This customer case should be stayed. In the unlikely event that Bell's hope becomes reality in the future, the stay of this case can be lifted. But expending resources in the interim is the height of waste. The only purpose for such waste is to pressure cost of defense settlements, and that is not an appropriate motivation.

The Delaware court has already considered and rejected the arguments Bell is recycling here. For example, Bell argues in its letter, as it did in Delaware, that *Arris Group* limits subject matter jurisdiction to cases where either the supplier is obligated to indemnify its customers or there is a controversy between the patentee and the supplier. *See* Bell Reply, Dkt. 84, at 2. This is not the law, however, and Bell admitted in oral argument before the Delaware court that the ultimate test, defined in *Mitek*, is instead "whether there's a reasonable apprehension of alleged liability." Dkt. 84, Ex. B, at 25:20-19. Nevertheless, Bell admitted and the Delaware court factually found that there are, in fact, indemnity claims that provide an independent basis for subject matter jurisdiction in the Delaware case. *Id*. at 62:1-64:9.

Notably, at least one court has already stayed the Bell cases under the customer-suit exception with effectively identical facts as in the present case. *See* Ex. A, *Bell Semiconductor, LLC v. Omnivision Tech., Inc.*, No. 8:22-cv-01979-JAK-MRW (C.D. Cal. April 24, 2023). There, the court held that the customer suit exception to the first-to-file rule applies because, just as here, the complaint alleges patent infringement solely based on the use of software supplied by the manufacturers that brought the declaratory judgment action in Delaware. The court further held that 1) there was no prejudice to Bell in granting the stay, 2) litigating parallel cases against the customers and manufacturers would risk inconsistent rulings and waste party and judicial resources, and 3) the declaratory judgment action would narrow issues and resolve common issues of law. *Id*. All of the same rationales are present here and favor granting a stay for the same reasons.






There is no prejudice to granting a stay of this case. "The guiding principle in the customer suit exception cases are efficiency and judicial economy," and staying this case would serve both of those interests becauses it would allow the Delaware court to resolve whether Bell's allegations should be handled by the suppliers in a single action, or should instead be resolved individually by its customers in duplicative parallel suits across the country. *Tegic Comm'ns Corp. v. Bd. of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). In the meantime, Bell has filed no request for certification for appeal and the Delaware court is rapidly proceeding through claim construction and discovery and will conduct a full trial on the merits on January 16, 2024.

Expending resources in this forum in the interim is wasteful and the Court should grant ASMedia's request for a stay under the customer-suit exception.

Respectfully submitted,

By: /s/ *Chris Schmidt*
Chris R. Schmidt (*admitted pro hac vice*)
Michelle L. Marriot (*pro hac vice forthcoming*)
Eric A. Buresh (*admitted pro hac vice*)
**ERISE IP**

*Attorneys for Defendant ASMedia Technology Inc.*

For substantially the reasons stated in Defendant's letters at Dkt. Nos. 80 and 85, Defendant's application is **GRANTED**. The case is **STAYED** based on the customer suit exception pending resolution of the declaratory judgment action filed by Cadence and Synopsis in the District of Delaware. Defendant's motion to dismiss is denied without prejudice to renewal.

The parties shall file a status letter every forty-five days updating the Court on the status of the Delaware lawsuit. The first letter is due on **July 14, 2023**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 61, 62 and 80.

Dated: May 31, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE